Security Mortgage Company, Appellant, *v.* Joseph Naughton and Ida M. Naughton, Respondents.

First Department, December 1, 1916.

Actions — pleading — complaint — breach of contract to protect building during reconstruction — damages recovered against plaintiff by tenant — when complaint states one cause of action although including several items of damage.

A complaint setting out in substance a breach of contract by the defendants in failing to protect premises under reconstruction from the elements by proper coverings and which seeks to recover as damages only the amount of a judgment which was obtained against the plaintiff by a tenant of the same building whose goods were injured by rain water owing to said negligence of the defendants, together with legal expenses of the plaintiff in defending such action of which the defendants had been given due notice, states but a single cause of action and the defendants' motion to require the plaintiff separately to state and number causes of action should be denied.

*It seems,* that even if the plaintiff sought to recover, in addition, the damages caused to its own property by the defendants' breach of contract there would still be but a single cause of action resulting in two or more items of damage.

The rule aforesaid is not changed by the fact that one or all of the items of damage may have become liquidated by judgment recovered against the plaintiff after notice to the present defendants to defend the action.

Appeal by the plaintiff, Security Mortgage Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 13th day of July, 1916, granting defendants'

motion to require plaintiff to separately state and number the causes of action set forth in the amended complaint.

*George H. Fletcher* [*James H. Richards* with him on the brief], for the appellant.

*Henry Best,* for the respondents.

LAUGHLIN, J.:

We are of opinion that the complaint states but a single cause of action for damages sustained by the plaintiff through a breach of contract made with it by the defendants.

The plaintiff in the amended complaint alleges that the defendants were copartners, and that on the 19th day of October, 1912, the plaintiff entered into a contract in writing with them, a copy of which is annexed to and made a part of the complaint, whereby the defendants undertook to furnish the labor and materials and to perform the work required in repairing the plaintiff's building, known as No. 149 to 155 West Twenty-fourth street, in the borough of Manhattan, New York, which had been damaged by fire, said repairs to be made in accordance with specifications theretofore prepared by an architect, which were identified by the signatures of the parties in question, for which the plaintiff agreed to pay the defendants the sum of $6,500; that it was agreed that the work should be commenced immediately and that the building should be completely roofed within one week from the date of the contract and that "in the interim the Contractor shall, by tarpaulins or otherwise, protect the premises from the elements;" that the building was a six-story loft building occupied and used by various tenants in the performance of light manufacturing, of which the defendants had notice and knowledge; that the defendants failed and neglected to protect the opening in the top of the building by tarpaulins or otherwise, and that within one week from the date on which the contract was made, and without fault or negligence on the part of the plaintiff, but solely owing to the failure of the defendants so to protect the opening in the roof, the building was deluged by a rainstorm, and that the plaintiff sustained loss and damages

in the sum of $2,019.99 in consequence of the premises being so deluged by the rain. The plaintiff further alleges that the goods wares and merchandise of one of its tenants were injured and damaged by the water and that the tenant in an action duly brought in the City Court of the City of New York recovered a judgment against the plaintiff for the sum of $1,532.91 therefor after due notice to the defendants of the claim and due notice of the action and of the time and place of the trial thereof, and that on an appeal duly taken by the plaintiff the judgment was affirmed with $87.08 costs, and that the plaintiff was put to additional expenses for legal services and disbursements in connection with the defense of the action amounting to the sum of $400. The plaintiff demands judgment for the sum of $2,019.99, which is the amount of the damages alleged to have been sustained in consequence of the failure of the defendants to perform their contract. It will be seen that the amount for which judgment is demanded is the amount of the damages first alleged generally, and then by specific allegations shown to be the amount of the judgment recovered against the plaintiff by its tenant, together with the costs on the affirmance of the judgment and its expenses for legal services and disbursements. It is manifest, therefore, that the plaintiff seeks to recover in this action only the damages which it sustained on account of the injuries to the goods of its tenant. It is difficult to perceive upon what theory it was supposed that there is more than one cause of action alleged, unless it be on the theory that the plaintiff seeks to recover damages to its own property as well as to the property of its tenant; but even if that were so, the damages would be only those flowing to the plaintiff from the breach of the express provisions of the contract to protect the building by covering the opening in the roof, and while there might be two or more items of damages, there would be but a single cause of action. This is not changed by the fact that one or all of the items of damages have become liquidated by the judgment recovered against the plaintiff after notice, in effect, to the defendants to defend the action. No question with respect to whether the allegations of the complaint are sufficient to render the judgment against the plaintiff by the tenant binding on

the defendants nor with respect to the extent of the plaintiff's right to recover is presented on this appeal and no opinion is expressed thereon. It follows that the order should be reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.

CLARKE, P. J., SCOTT, DOWLING and PAGE, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.